IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARCO M. MCGIRT | * | |
| | * | |
| v. | * | Civil Case No. WDQ-14-0965 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the Commissioner's Motion to Dismiss for Lack of Subject Matter Jurisdiction. [ECF No. 15]. I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that the Commissioner's Motion be granted.

On March 27, 2014, Plaintiff Marco M. McGirt, who appears *pro se*, filed a complaint complaining of a decision regarding "SSA DISABILITY/SSA CLAIM FOR SON." [ECF No. 1]. On July 21, 2014, the Commissioner filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction. [ECF No. 15]. On July 22, 2014, the Clerk's Office mailed a Rule 12/56 letter to Mr. McGirt. [ECF No. 16]. That letter advised Mr. McGirt that a failure to oppose the Commissioner's motion could result in dismissal of his case. *Id.* On August 15, 2014, Mr. McGirt filed an untimely motion requesting an additional fourteen days to respond to the Commissioner's motion. [ECF No. 17]. His motion was not adjudicated, however, more than fourteen days have passed, and Mr. McGirt has made no further submission to the Court.

The SSA first argues that Mr. McGirt's sole claim to the agency regarding this matter was brought under the FTCA, and that his complaint should therefore be dismissed because it is barred by the Social Security Act's exclusive remedy provision. The rule of sovereign immunity

protects the federal government and its agencies from being sued, absent an express waiver. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives the government's sovereign immunity when an individual sues the United States for personal injury caused by the alleged negligence or wrongful conduct of one of its employees. *See* 28 U.S.C. § 1346(b)(1). The Social Security Act, however, contains an exclusive remedy provision that expressly bars claimants from bringing FTCA actions relating to Social Security claims.  *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."); *see also Hronek v. Sec'y, Dep't of Health*, No. Civ.A.CCB–003–330, 2003 WL 24026306, at *2 (D. Md. July 7, 2003) ("Although the FTCA is the exclusive remedy for tort claims against the federal government and its agencies, jurisdiction under the FTCA is barred, pursuant to the exclusive remedy provision of the Social Security Act, for cases arising under the Social Security Act.").

In the instant case, while Mr. McGirt is barred from bringing a claim under the FTCA, it is unclear whether he intended, in this Court, to assert an FTCA claim or a claim for review of a decision for Social Security benefits.  Mr. McGirt's claims are entitled to liberal construction due to his *pro se* status.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that allegations in a *pro se* complaint should be evaluated less stringently than formal pleadings drafted by lawyers).  However, even if I treat Mr. McGirt's complaint as one seeking judicial review of an agency decision under the Social Security Act, this Court does not have jurisdiction over Mr. McGirt's claim because he failed to exhaust administrative remedies and is not appealing from a final order.

Under Social Security Act sections 205(g) and (h), an individual may only obtain judicial review of the Commissioner's "final" decision after he has exhausted all administrative

remedies. *See* 42 U.S.C. §§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "any individual, after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ." 42 U.S.C. § 405(g).

In this case, Mr. McGirt has not established the existence of any final decision of the Commissioner which would entitle him to appeal.  He has not identified his son by name in his Complaint, or in his submission to the Commissioner that was attached to the Complaint. [ECF No. 1].  In his Motion for Leave to Proceed in forma pauperis, he does not identify any minor son when asked to "State the persons who rely on you or your spouse for support." [ECF No. 2 at 4].  He left blank the portion of the standard Complaint form asking for "the date of the final decision by the Secretary against plaintiff." [ECF No. 1].   Mr. McGirt has not therefore alleged the existence of a final decision by the Commissioner that could establish this Court's subject matter jurisdiction over his appeal.

Moreover, upon a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve,* 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd,* 85 Fed. Appx. 960 (4th Cir. 2004).  The Commissioner has submitted a sworn declaration from agency employee Alicia Conti confirming that Mr. McGirt did not identify a child on his 2011 application for disability benefits, which resulted in his award of benefits, and he has not filed any subsequent application on behalf of a child. [ECF No. 15, Ex. 2].   Because the issue of whether Mr. McGirt has a minor child who might be entitled to benefits has not been presented

to the agency for adjudication, he has not exhausted his administrative remedies on the issue. This Court therefore lacks subject matter jurisdiction to adjudicate his claim, and I recommend that the Commissioner's motion be granted and that the case be dismissed.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.

Dated:  September 9, 2014                         /s/
                                           Stephanie A. Gallagher
                                           United States Magistrate Judge